### PFEIFFER et ux. v. ROITMAN et al.
### No. 14323.

Court of Appeal of Louisiana. Orleans.
June 12, 1933.

Cobb & Jones, of New Orleans, for appellants.

George A. Dreyfous, of New Orleans, for appellees.

HIGGINS, Judge.

Mr. and Mrs. Roy E. Pfeiffer, individually and in behalf of their infant daughter, instituted this suit against the owners of an apartment building to recover damages for personal injuries and nervous shock said to have been sustained by Mrs. Pfeiffer and the child when they were temporarily overcome by escaping gas in the premises on December 20, 1929, about 11:30 o'clock a. m.

The petition alleges "that the owners of the said property were specifically negligent in that they permitted a cork stopper to have been loosely placed in the gas connection in an open gas pipe in the kitchen of the said apartment; that their (Mrs. Pfeiffer and the child) asphyxiation was caused solely and entirely by the defective plumbing and more particularly defective piping in the kitchen of the said apartment; that these defects.

were of such a nature that they should have been discovered by the owner of the premises or their agents."

The defendants answered, admitting that they were the owners of the property, but denying liability on the following grounds:

First, that the premises were free from any vice or defect for which the owners of the property could be held liable; second, that the alleged accident was the result of the intervening negligent acts of parties for which acts the defendants were not responsible; and, third, in the alternative, that Mrs. Pfeiffer was guilty of contributory negligence.

There was judgment dismissing the suit, and the plaintiffs have appealed.

Taking up the defenses in inverse order, we observe that the record shows that the defendants are the owners of Melodia apartment building, bearing municipal number 5325 St. Charles avenue, New Orleans; that on March 28, 1927, they entered into a written contract of lease with John D. Nix, Jr., with the Union Indemnity Company as surety guaranteeing the faithful performance of the lease by the lessee; that Mr. Nix appointed Mr. Leo H. Mayer as manager of the apartment building, and he, in turn, designated his brother, Sol Mayer, as acting manager thereof; that Mr. Nix employed Leonard Thomas as janitor; that on December 13, 1929, Mr. Sol Mayer leased apartment K to Mrs. Pfeiffer effective January 1, 1930, but that she prevailed upon him to grant her permission to enter the premises on December 19, 1929; that prior to Mrs. Pfeiffer taking possession the gas stove in the kitchen of the apartment had been disconnected and removed; that Mrs. Pfeiffer and her 2 year old daughter and a colored servant moved into the apartment on December 19, 1929, at about 11 o'clock a. m., and, due to the fact that the weather was cold, she requested the janitor to turn on the gas so that the gas heaters in the other rooms could be lighted; that the janitor informed her that the gas pipe in the kitchen had not been capped, or plugged, and therefore he could not turn on the gas, which had been cut off at the meter; that Mrs. Pfeiffer told the janitor to plug the end of the open gas pipe with a cork which she produced, but that he protested, saying that it would be inadequate to prevent the gas from escaping; that Mrs. Pfeiffer insisted that it be done

because the apartment was cold and she could not keep her baby there under the circumstances; that upon her instructions the cork was placed in the gas pipe and the gas turned on and the heaters in the other part of the building lighted; that all the openings in the apartment were kept closed except a bedroom window, which was partially opened at night; that the following day, about 11:30 o'clock, Mrs. Pfeiffer and the baby and the servant were overcome by the gas, which had slowly escaped from the pipe which was improperly sealed; that the servant gave the alarm, and that Mrs. Pfeiffer and her child were rescued by the janitor and other parties in the building, the janitor having cut off the gas at the meter.

The testimony of the janitor and Mrs. Pfeiffer is conflicting as to whether she furnished the cork and instructed him to place it in the pipe, but we have no doubt that Mrs. Pfeiffer was fully apprised of the insecure manner in which the pipe was closed or plugged and knew, or should have known, that it was a hazard. Therefore she was guilty of contributory negligence in remaining in the premises with the windows closed and without demanding that the pipe be properly fixed.

While the contributory negligence of the mother might not bar recovery in behalf of her minor daughter, we believe that the rule of de minimis non curat lex is applicable as far as the alleged injuries to the child are concerned. The mother testified that the infant was 2 years old, and she was asked: "Did the baby suffer any ill effects?" To this question she replied: "The baby was nauseated about two days after, but after that she seemed all right." She further stated that she did not consult a doctor until about two weeks after the accident (her mother says one month later), and the doctor was never produced as a witness. The colored nurse said that the child had been ill before the accident occurred. The janitor testified that when he rushed into the apartment he found the child sitting on the floor and conscious.

In view of the conclusions which we have reached, it is unnecessary to consider the first two defenses.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.